Spear, C. J.
The legal question for this court to decide is this: Is an assignee, under an assign *69 ment for the benefit of creditors, entitled to a percentage compensation upon the bid of the purchaser of real estate sold by such assignee and bid in by the holder of a mortgage, the first lien, whose claim exceeds in amount the amount of the bid?
It is contended by plaintiff in error that an assignee is entitled to such commission because the statute awards it, and if the language of the statute does not in terms allow it, yet fairness and justice to the assignee require such construction be given the statute, for otherwise the assignee is denied compensation for services which the law compels him to render and which inure to the benefit of the mortgagee.
Sections of the Revised Statutes bearing upon the subject are 6350 to 6350c, 6351,6352, 6356 and 6357. These sections provide that the assignee shall proceed at once to convert all the assets received by him into money and to sell the real and personal property assigned to him, either for cash or upon such other terms as the court [the probate court] may order, of which sale due return shall be made to the court, and such sale shall be set aside or confirmed as the court may order; and if confirmed the court shall order the assignee to make a deed to the purchaser for the real estate sold.
The court shall order the payment of all incumbrances and liens upon any of the property sold,, or right or credits collected, out of the proceeds, thereof according to priority; provided that the* assignee may in all cases where the real estate .to be sold is incumbered with liens, or where any questions in regard to the title, or the dower estate of the wife or widow of the assignor require a decree to settle the same, commence a civil *70 action therefor in the common pleas court or probate court of the proper county making all persons in interest parties to such proceeding’s and upon hearing the court shall order a sale of the premises the payment of incumbrances, and the proceeds of the real estate so sold, after the payment of liens and incumbrances shall be reported to the court by the assignee and disposed of as provided in this chapter. Creditors shall present their claims within six months to the assignee for allowance and immediately after the expiration of said six months the assignee shall file in the court a report of the claims presented with the amounts thereof, etc. At,the expiration of eight months an account shall be filed with the court by the assignee, containing a full exhibit of all his doings up to the time of filing.
Whenever on settlement the same shall show a balance remaining in the hands of the assignee, subject to distribution among the general creditors, a dividend shall be declared by the probate judge payable out of such balance equally among all the creditors entitled, in proportion to the amount of their respective claims against the assignor, of the making of which dividend and of the time of payment thereof notice shall be given. Before any dividend is declared, the assignee may be allowed the following commission upon the amount of the personal estate collected and accounted for by him, and of the proceeds of the real estate sold under an order of court for the payment of debts; which shall be received in full compensation for all his ordinary services, that is to say : For the first thousand dollars at the rate of six per centum ; for all above that sum and not exceeding five thousand dollars at the rate of four per centum; *71 and for all above five thousand dollars, at a rate of two per centum. And in all cases, such further allowance shall be made as by the court shall be considered just and reasonable for his actual and necessary expenses, and for any extraordinary services not required of an assignee in the common course of his duty ; also such reasonable pounsel fees as may be necessary for the proper administration of said assignment, whether performed by the assignee as attorney, or such other as may be employed by him, but that no such further allowance, extraordinary expenses or services, or attorney fees, shall be allowed by the court unless a bill of items be filed showing such actual and necessary or extraordinary expenses and services, or attorney fees, together with the affidavit of the person incurring such expenses or performing-such services, showing that the same were performed for and were necessary to the assignment, and that the amount charged is reasonable, etc.
It will be observed that the provision is, where the land sold is incumbered, that the incumbrance be satisfied. The court shall order payment of all incumbrances and liens out of the proceeds, is the language, but the ultimate object sought is the satisfaction of the liens; payment, if proceeds arise from the sale, but in any event satisfaction and cancellation in order that the assigned estate may be settled. The term “proceeds” when used in connection with sale, as the lexicographers seem to agree (see Webster, the Standard, Rapalje and Bouvier), means a sum of money derived from the sale of property. If money be derived from the sale, then it has yielded “proceeds,” and an order distributing such “proceeds” may follow; if none have been so derived then there are no funds in *72 the hands of the court for distribution. If this conclusion be correct then it would be fair to construe 6357 as though the words “collected and accounted for” had been inserted after the words “proceeds of real estate,” and the meaning of the whole section would be that the commission is to be computed on the money obtained from both sources. But where no proceeds have been collected and accounted for, the proper order would seem to be one which would provide for such necessary costs as the statute authorizes, and satisfaction of the liens, and for a conveyance which will vest in 'the purchaser all the title of the assignor at the time of the assignment, and thus close out the trust as regards that piece of property, and not an order attempting to distribute that which is not within the control of the court. Now where' the land exposed for sale by an assignee, which is incumbered by a mortgage constituting a first lien has been bid in by the mortgagee for a sum less than the amount owing on his mortgage, there can be no “proceeds” in the sense of money for distribution, for the legal effect of- the bid and sale, followed by confirmation and deed, is only to satisfy the mortgage, and the debt pro tanto, and vest in the mortgagee, purchaser, the equity of redemption of the assignor, and is not to produce a fund for distribution. It has never been the law or practice in this state to require a mortgagee, purchasing under such circumstances, to pay the amount of his purchase either to the officer making the sale, nor into court. The reason is that having already the legal title subject to the equity of redemption of the mortgagor, the purchaser is in a sense the owner, and requires only a satisfaction in a legal manner of the equity ^ *73 of redemption, and of any subsequent liens, followed by possession, in order to give Mm a complete title to the land. To require the mortgagee to pay over to the assignee in money the amount of his bid, to be followed by a repayment to him by the assignee of all or the major part of the sum would not only be the requiring of a vain thing, a ceremony illogical and useless, but it would in many cases work downright injustice. It is easy to conceive a case, indeed common knowledge embraces many, where the mortgagee has invested his entire property in the mortgage, and, being without adequate credit, has not power to acquire the means for the making of such deposit, and, if such deposit were a condition of acceptance of his bid, would be barred entirely from, bidding and be compelled to stand by and see the property purchased by a stranger upon terms which would be destructive of his interests, and yet be powerless to interpose. It would also give color to the pretense that after having mortgaged his property,- and received full value from the mortgagee, the mortgagor, by resorting to some twist of the law,' could practically destroy, or at least greatly impair, the security of the mortgage, a proceeding shocking to the moral sense as well as contrary to the analogies of the law in other cases. True, a' mortgagee invests his funds subject to the law as to foreclosure, but this fact does not warrant an unnecessary sacrifice of his interests, even in part.
If no “proceeds,” within the fair construction of the statute, arise from the sale, then it would seem to follow, necessarily, that there can be no percentage commission. This form of compensation is analogous to that provided for administrators, and is, primarily, for the risk, responsibility and *74 trouble involved in the collecting and disbursing of money. Piatt v. Longworth, 27 Ohio St., 159. If no money is collected and disbursed, then no percentage is earned. See also Shaw, Trustee, v. Building Assn., 6 O. C. C. Rep., 41. This conclusion is in accord with the practice in sales by sheriffs and master commissioners, where the right to poundage is involved, a practice based upon the statute, and prevalent, so far as we are aware, in all sections of the state.
The cases of Ingham, v. Lindemann, 37 Ohio St., 218, and of McLain v. Simington, same volume, 660, are cited in support of the plaintiff’s contention. We think they do not sustain it. The case first named does not touch upon the point of percentage at all, while in the other the commissions referred to. do not appear certainly to have been percentage on money collected, although probably they were, but if they were such, it still does not appear that the mortgaged property was bid in by the mortgagee. In the absence of such showing the presumption is that it was not, for we can hardly think that the court would have omitted mention of so important a circumstance, had it been the fact.
A case more nearly analogous to the one at bar is that of Stone v. Sttong, 42 Ohio St., 53. The controversy in this court arose upon the record of a proceeding by an administrator in the probate court to sell land to pay debts, where the land which was incumbered by mortgage and judgment Hens, was bid in at the sale of the administrator by the owner of the mortgage, which was the first lien. After holding that, where proceedings for such sale are properly instituted, the executor or administrator, under section 6165, Revised Statutes, *75 is entitled to compensation and charges for making the sale, to be first paid before applying the proceeds to the mortgage or other liens, and that such compensation is to be computed by the per centum authorized by section 6188, on the money arising from such sale to be administered, yet: “If a mortgagee, whose lien is fixed by the court, becomes the purchaser at such sale, the executor or administrator is not entitled to a per centum compensation on that part of the purchase money applicable to the satisfaction of his mortgage.”
The two sections referred to are as follows:
Section 6165. “The money arising from the sale of real estate shall be applied in the following order: First — To discharge the costs and expenses of the sale, and the per centum and charges of the executor or administrator thereon, for his administration of the same. Second — To the payment of mortgages and judgments against the deceased, according to their respective priorities of lien, so far as the same operate as a lien on the estate of the deceased at the time of his death; which shall be apportioned and determined by the court, on reference to a master or otherwise. Third — To the discharge of claims and debts, in the order mentioned in this title.”
Section 6188. “Executors and administrators may be allowed the following commissions upon the amount of the personal estate collected and accounted for by them, and of the proceeds of the real estate sold under an order of court for the payment of debts, * * * which shall be received in full compensation for all their ordinary services, that is to say,” etc., etc.
It will be noted that this provision for compensation is identical with that provided for assignees *76 by section 6357. The commission is to be upon the amount of the personal estate collected and accounted for by them, and of the proceeds of the real estate sold, and is to be in full compensation for all their ordinary services.
But it is contended that this decision was induced by the term “money arising from the sale of real estate,” found in section 6165, and but for that the court would have placed a different construction upon section 6188, where the term “proceeds” is used. With this assumption we cannot agree. We have already found that when applied to sales the term ‘ ‘ proceeds ’ ’ means money arising from the sale, and we are to conclude that the legislature used the terms in the two sections as synonymous, which, in proper terminology, they are. Nor is there any expression in the opinion which gives color to the claim of counsel. Says Johnson, J., onpag-e 57: “His per centum is to be computed on the money arising from the sale for his administration of the same. Where no money arises to be administered there is nothing on which to compute commissions. This percentage was intended to compensate for the trouble and responsibility of collecting and paying out the money. * * * Here the mortgagee is the purchaser, and so far as the purchase money was applicable to her liens, it operated as a satisfaction of her mortgagees. ”
It is further contended that in the case of an assignee the sale of real estate is peremptory, while with an administrator it is optional. We know of no such distinction. The statute, section 6136, does not seem to countenance it, and no decision is cited in its support. We do not believe any can be found. The administrator has no occasion to resort to the real estate unless he ascertains that the *77 personal estate will be insufficient to pay the debts, but if he does ascertain that fact his duty to proceed to sell appears to be just as imperative as in the case of an assignee.
Upon the proposition that by the construction of the sections affecting assignments here made, an injustice results to the assignee in that he is denied compensation for labor which he is required to perform, it would seem sufficient to say, as suggested by counsel, that the hardship is not greater than in the case of a second mortgagee who forecloses his mortgage only to see the first mortgagee take all the proceeds, leaving his expenses to be borne without any results; or the case of an administrator, as in Stone v. Strong, where the first mortgagee is the purchaser. Besides, the assignee is not compelled to perform the services. He accepts the trust voluntarily and with whatever risk may attend its performance. If he finds it burdensome, or unremunerative, he may at any time resign. In response to this the suggestion is offered that the situation in respect to the question of compensation would not be altered by a resignation, for it would then become the duty of the court to appoint a trustee who would be entitled to compensation upon the same basis. Of course such trustee would be entitled to whatever compensation the law gives, as well as an assignee. In the administration of the estates of deceased persons the statute permits, under certain circumstances, that administration be committed to one of the principal creditors, and the practice to so appoint is not uncommon. Possibly practical difficulties might stand in the way of the appointment of a mortgage creditor as trustee of an insolvent estate, but every consideration of fairness would *78 entitle him to a potent voice in the selection of such trustee, and in making such choice it would not be difficult, it is here suggested, to find persons abundantly competent who would be satisfied to do the work for the chance presented of obtaining the legitimate compensation allowed by law. Ordinarily the duties involve routine work only, and that which may be performed by persons of fair acquaintance with legal business, and only rarely do they involve work of a difficult order, or calling for the exercise of more than ordinary talent or experience. Presumptively, at least, the provisions of the statute relating to assignments were enacted in the interest of creditors, and it is the duty of all courts to give such construction to the statute, and to direct the administration of the trusts in such manner, as will reasonably secure this end. Complaints are common of objectionable practices in this respect in some localities where, it is charged, the effort seems to be to conduct assignments as though they had been provided, primarily, for the benefit of assignees and their attorneys. The faith of the people in the impartial administration of the law by the courts would be enhanced by a correction of the abuse, if it exists, and by the adoption of methods of administration by which the rights of creditors may be fully protected and enforced, and the trust estate not depleted by extravagant charges and costs; and no injustice to any would result.
It is not necessary to a decision of this case to refer to the order of distribution made by the probate court, but, nevertheless, comment upon it seems pertinent. It orders the assignee to make distribution of $5,900, being proceeds of the real *79 estate sold, of which he was ordered to pay to the mortgagee, purchaser, $5,384.98. No such fund was in the hands of the assignee, and it is difficult to see what purpose such form of order accomplishes save to confuse. The inference from it would be that the amount of the bid had been paid to the assignee by the mortgagee, or that he was obliged to pay. Neither assumption was true. The court having found that the land was bid off by the owner of the first lien for a sum less than his debt, taxes and costs, an order that the purchaser pay such taxes as were due, and such costs as might properly be required of him under the statute, which would be such costs, and such only, as were made necessary by the foreclosure, and upon such payment a deed be made by the assignee, would have met the situation as it existed and worked out the proper legal result. True, the statute speaks of the probate court ordering payment of incumbrances, liens, etc., but this presupposes that proceeds have actually been received. Where, however, a lien., as in this case, has been satisfied by the bid, but the debt not satisfied, the making of an order in such form is wholly unnecessary and is an incongruous performance.
Whether or not the assignee was entitled to a commission on the costs and taxes paid by the mortgagee, purchaser, we need not inquire as no cross-petition has been filed complaining of the order in that respect.
We think the circuit court was not in error in affirming, the judgment of the common pleas to the effect that, as against the first mortgagee, purchaser, the assignee was not entitled to percentage compensation, and the judgment will be

Affirmed.